IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LONNIE BEE HOWARD, §<br>Petitioner, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>Respondent § | Civil Action No. 4:07-CV-143-Y |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Lonnie Bee Howard, TDCJ-ID #1281417, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 5, 2005, a jury found Howard guilty of indecency with a child in cause no.

0851299D in the Criminal District Court Number Three of Tarrant Count, Texas. (State Habeas R. at 26.) On January 14, 2005, the trial court assessed his punishment at fifty years' confinement. (*Id.*) The Tenth Court of Appeals of Texas affirmed the trial court's judgment on February 8, 2006. *Howard v. Texas*, No. 10-05-CR-00076-CR, slip op. (Tex. App.–Waco Feb. 8, 2006) (not designated for publication).[1] This petition was filed on February 27, 2007.

D. ISSUES

Howard raises one ground for relief, challenging the trial court's admission of evidence of his flight to California. (Petition at 7.)

E. RULE 5 STATEMENT

Quarterman does not believe that Howard's petition is barred by limitations or subject to the successive petition bar. (Resp't Answer at 4.)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that

---

[1] Howard filed a petition for discretionary review and a state application for writ of habeas corpus but did not raise the claim presented herein.

reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

### 2. Evidentiary Ruling

Howard claims the state trial court erred by admitting evidence of his move to California, which was characterized, and emphasized, by the state as evidence of flight to avoid prosecution.[2] (Petition at 7.) Citing to state case law, the state appellate court provided:

> "Evidence of flight or escape is admissible as a circumstance from which an inference of guilt may be drawn." Howard argues that when he left Texas there were no charges pending against him. The State points to evidence that Howard left after being informed of S.H.'s allegations against him. The trial court did not abuse its discretion in overruling Howard's objection. (citations omitted)

The evidentiary rulings of a state trial court are cognizable on federal habeas review only if a specific constitutional right is impeded or if the rulings rendered the trial fundamentally unfair. *See Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). Howard has not alleged and/or demonstrated such circumstances nor has he shown that the state court's adjudication of the issue was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II. RECOMMENDATION

Howard's petition for writ of habeas corpus should be DENIED.

---

[2] Quarterman asserts Howard's claim is unexhausted and procedurally barred. However, a petition may be denied on the merits, notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

3

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 27, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 27, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 6, 2008.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE